Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
Richard A. Brody (Cal. Bar No. 100379)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: jblome@greenfirelaw.com
        lrivo@greenfirelaw.com
        rbrody@greenfirelaw.com

*Attorneys for Plaintiff U.S. Right to Know*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. RIGHT TO KNOW, a California Non-Profit Corporation, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| vs. | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, | Freedom of Information Act, 5 U.S.C. § 552 *et seq* |
| Defendant. | |

**INTRODUCTION**

1.      Through this action, Plaintiff U.S. Right to Know (hereinafter "Plaintiff" and/or "USRTK") seeks access to government records held by Defendant U.S. Department of Health and Human Services  (hereinafter "Defendant" and/or "HHS"), pursuant to the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552 *et seq.,* and United States Department of Health & Human Services FOIA regulations promulgated thereunder, 45 C.F.R. Part 5. This action challenges Defendant's unlawful failure to abide by the statutory requirements of FOIA and applicable implementing regulations.

2.      Defendant is unlawfully withholding from public disclosure information sought by USRTK, information to which USRTK is entitled and for which no valid disclosure exemption applies or has been properly asserted.  In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by the FOIA by: (Count I) failing to provide a timely final determination on USRTK's FOIA Requests; (Count II) unlawfully withholding records from public disclosure for which no valid disclosure exemption applies or has been properly asserted, or to provide the reasonably segregable portions of those records; and (Count III) failing to provide an updated "estimated date of completion."

3.      The records requested by USRTK are likely to contribute significantly to the understanding of the operations or the activities of the government. USRTK is a 501(c)(3) nonprofit organization and, by its nature, has no commercial interest in the requested records.

4.      USRTK seeks declaratory relief establishing that Defendant has violated the FOIA and that such actions entitle USRTK to relief thereunder. USRTK also seeks injunctive relief directing Defendant to conduct a reasonably adequate search for records and to promptly provide responsive material, to reasonably segregate portions of non-exempt records, and to provide proper justifications for any disclosure exemptions that are applied. Finally, USRTK requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction pursuant to 5 U.S.C. section 552(a)(4)(B). That provision of the FOIA grants jurisdiction to "the district court of the United States in the district in which the

complainant resides or has his principal place of business[.]" 5 U.S.C. § 552(a)(4)(B).  USRTK is a nonprofit public benefit corporation organized under the Nonprofit Public Benefit Corporation Law for charitable purposes.  USRTK was incorporated in the State of California in May 2014.  USRTK maintains its principal place of business in the Northern District of California.

6.    This Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. section 2201 *et seq*.

**INTRADISTRICT ASSIGNMENT**

7.    Pursuant to Local Rule 3-2(c), this case is properly brought in the San Francisco Division of the Northern District of California, because a substantial part of the events and omissions which give rise to the claims alleged herein occurred in the County of San Francisco.

8.    Under the FOIA, 5 U.S.C. § 522(a)(4)(B), jurisdiction vests in the district court where "the complainant resides" or "has his principal place of business."

9.    Plaintiff has its principal place of business in the County of San Francisco.

10.    As such, under the L.R. 3-2(c), (d), intradistrict assignment to the San Francisco division is proper.

**PARTIES**

11.    Plaintiff USRTK is a 501(c)(3) nonprofit corporation organized under the laws of the State of California.

12.    USRTK is a nonprofit newsroom and public health research group. USRTK investigates and reports on corporate wrongdoing and government failures that threaten our health, environment or food system.

13.    Defendant HHS is an agency of the United States executive branch.

14.    Defendant HHS qualifies as an "agency" under the FOIA, the records sought are "records" under the FOIA, and because Defendant HHS is in possession and control of the records sought by USRTK, the HHS is subject to the FOIA pursuant to 5 U.S.C. §552(f).

**LEGAL FRAMEWORK**

15. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

16. The FOIA requires an agency to issue a final determination on any such information request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i). In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

17. The FOIA allows an agency to extend the twenty-day determination deadline, however, by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 45 C.F.R. § 5.24(f). A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." *Id.*

18. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. An agency is entitled to one ten-business day extension. 5 U.S.C. § 552(a)(6)(B)(i). The written notice provided to the requester must specify the specific unusual circumstances justifying the extension and the date on which a final determination is expected to be dispatched. *Id.*; 45 C.F.R. § 5.24(f).

20.     In some circumstances, the FOIA allows an agency to invoke an extension beyond ten days. To invoke a longer extension, the FOIA requires an agency to provide written notification to the requester that (1) offers the requester an opportunity to limit the scope of the request so that it may be processed within that time limit, or (2) offers the requester an opportunity to arrange with the agency an "alternative time frame" for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii); 45 C.F.R. § 5.24(f).

21.     As part of invoking an "alternative time frame" extension, the agency must also make available to the requester its FOIA Public Liaison, who is tasked to resolve any dispute between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii); 45 C.F.R. § 5.24(f).

22.     FOIA Public Liaisons "shall serve as supervisory officials" and "shall be responsible for assisting in reducing delays, increasing transparency and understanding of the status of requests, and assisting in the resolution of disputes." 5 U.S.C. § 552(l).

23.     Even when an "unusual circumstances" extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. 5 U.S.C. § 552(a)(6)(B)(i); 45 C.F.R. § 5.24(f) ("Whenever we cannot meet the statutory time limit for processing a request because of 'unusual circumstances,' as defined in the FOIA, and we extend the time limit on that basis, we will notify you, before expiration of the 20-day period to respond and in writing of the unusual circumstances involved and of the date by which we estimate processing of the request will be completed.").

24.     "Exceptional circumstances" for failure to comply with applicable time limits "does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

25.     If an agency fails to provide a final determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its administrative remedies and may immediately file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

26.     The FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5 U.S.C.

§ 552(a)(6)(B)(i).

27.     Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. § 552(a)(3)(B), (C). The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

28.     In furnishing records responsive to a request under the FOIA, an agency may, for a limited set of categories of information, exclude or withhold such information from disclosure. 5 U.S.C. § 552(b). However, even where proper justification exists for withholding such information, the agency must provide the remaining portions of records that are reasonably segregable from the properly withheld portions thereof. *Id.*

29.     Except in certain circumstances, when an agency produces a record in response to a FOIA request but withholds a portion thereof, the agency must indicate the volume of information withheld and the exemption under which such information has been withheld. *Id.*; 5 U.S.C. § 552(a)(6)(F).

30.     An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action. 5 U.S.C. § 552(a)(4)(B).

31.     Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

32.     An agency may only charge certain fees depending on the category of requester. For non-commercial requesters such as USRTK, "fees shall be limited to reasonable standard charges for document search and duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(III).

33.     Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

34.     This Court has jurisdiction to enjoin the agency from withholding agency records

1    and to order the production of any agency records improperly withheld from the complainant,

2    pursuant to 5 U.S.C. § 552(a)(4)(A)(i)(B).

3                          **STATEMENT OF OPERATIVE FACTS**

4                                  **FOIA Request One**

5         35.      On September 6, 2024, USRTK submitted a two-part FOIA Request to the HHS

6    (referred to herein as "Request One").  USRTK submitted Request One to the HHS by e-mailing

7    Request One to Ms. Arianne Perkins, Freedom of Information Officer for the HHS, at the HHS

8    address for submission of FOIA requests – FOIARequest@HHS.gov.  Request One sought a

9    waiver of all fees associated with processing the request.  A true and accurate copy of Request One

10   is attached hereto as **Exhibit A** and is incorporated by reference as though set forth in full herein.

11        36.      Request One sought documents pertaining to certain former or then-current HHS

12   employees who participated in the Potential Pandemic Pathogens Care and Oversight (P3CO)

13   Committee at the HHS. **Exhibit A, pp. 1-2**.  USRTK stated in Request One that the documents

14   sought "…will provide U.S. Right to Know and the public with crucial insight into the activities of

15   the HHS in relation to the US Government's efforts to regulate high risk research." **Exhibit A**, **pg.**

16   **4**.

17        37.      USRTK has a demonstrated track record of obtaining and disseminating information

18   obtained under the FOIA and state public records laws concerning public health. Since 2015,

19   USRTK has obtained, posted online, and reported on thousands of industry and government

20   documents gathered via public records requests. USRTK's work has contributed to three New York

21   Times investigations, 15 academic papers in public health journals, 13 articles in the BMJ, one of

22   the world's leading medical journals, and global media coverage documenting how food and

23   chemical corporations impact public health and the environment. USRTK's staff has expertise in

24   investigative journalism and advanced research, especially as it concerns impacts on human health.

25   (https://usrtk.org/about-u-s-right-to-know/).  USRTK is a recognized news outlet and is a member

26   of the Institute for Nonprofit News, a network of more than 500 nonprofit news organizations

27   dedicated to public service journalism.

28        38.      USRTK's investigation of the origins of COVID-19 has been featured in news

outlets around the world, including the Wall Street Journal, New York Times, Washington Post, USA Today, New Yorker, Vanity Fair, Science, the BMJ, Journal of Medical Ethics and many other outlets. (https://usrtk.org/about-u-s-right-to-know/).

39.    In February 2025, USRTK received a James Madison Freedom of Information Award from the Society for Professional Journalists Northern California chapter.  This award recognizes people and organizations that have made "significant contributions to advancing freedom of information and expression in the spirit of James Madison, the creative force behind the First Amendment."  The award states in part that:

> By filing more than 160 requests under the Freedom of Information
> Act, initiating 30 lawsuits to uncover documents held by federal
> officials, and combing through tens of thousands of documents, U.S.
> Right to Know unearthed crucial information about the potential
> origins of COVID-19 and the high-risk research being conducted at
> the Wuhan Institute of Virology.

*See* Thomas Peele & Laura Wenus, *SPJ NORCAL Honors Transparency Champions in James Madison Freedom of Information Awards*, Society of Professional Journalists, Northern California, https://spjnorcal.org/2025/02/12/spj-norcal-honors-transparency-champions-in-james-madison-freedom-of-information-awards-3/ (last visited March 04, 2026).

40.    USRTK shares its findings with media outlets, public health and medical journals, and through its own library of information, available online at: <https://www.usrtk.org>. Many of USRTK's documents are available through the USRTK Agrichemical Collection of the University of California, San Francisco's (UCSF) Chemical Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/chemical/collections/usrtk-agrichemical-collection/>, and the USRTK Food Industry Collection of the UCSF Food Industry Documents Archive, available online at: <https://www.industrydocuments.ucsf.edu/food/collections/usrtk-food-industry-collection/>.

41.    USRTK did not receive any communications from the HHS following the submission of Request One.

42.    On October 8, 2024, Plaintiff USRTK sent a letter to Ms. Arianne Perkins, stating

that USRTK has not received an acknowledgement of Request One or information about when USRTK would receive an official "determination" on its request, as required by FOIA, 5 U.S.C. § 552(a)(6)(B)(i).  The October 8, 2024, letter demanded that Defendant HHS provide, within 10 business days, an official determination on Request One or, at the very least, a certain date by which USRTK should expect a determination. Plaintiff USRTK also asked that Defendant HHS address USRTK's request for a fee waiver in a timely manner. Finally, Plaintiff USRTK asked that Defendant HHS provide an estimated completion date that complied with the FOIA's requirement to "promptly" make records available upon request.

43.    USRTK did not receive any communications from the HHS following the submission of the October 8, 2024, letter.

44.    On November 14, 2024, Plaintiff USRTK again sent a letter to Ms. Arianne Perkins, stating that USRTK has not received an acknowledgement of Request One or information about when USRTK would receive an official "determination" on its request, as required by FOIA, 5 U.S.C. § 552(a)(6)(B)(i).  The October 8, 2024, letter demanded that Defendant HHS provide, within 10 business days, an official determination on Request One or, at the very least, a certain date by which USRTK should expect a determination. Plaintiff USRTK also asked that Defendant HHS address USRTK's request for a fee waiver in a timely manner. Finally, Plaintiff USRTK asked that Defendant HHS provide an estimated completion date that complied with the FOIA's requirement to "promptly" make records available upon request.

45.    USRTK did not receive any communications from the HHS following the submission of the November 14, 2024, letter.

46.    On December 29, 2025, Richard Brody, an attorney at Greenfire Law, PC and counsel for Plaintiff USRTK, sent a letter to Ms. Perkins and to Ms. Karen Lampe, the Acting FOIA Officer at the National Institutes of Health.  The December 29, 2025, letter was submitted by email to the FOIA submission email addresses for both the NIH and Defendant HHS, namely nihfoia@od.nih.gov and FOIARequest@HHS.gov.

47.    The December 29, 2025, letter asked that, on or before January 9, 2026, the HHS and/or the NIH assign a FOIA Request number to Request One, make the formal determination

required by both the FOIA and the Request for Determination submitted by USRTK on October 6, 2024, provide a date certain for the production of documents subject to Request One, and approve USRTK's Request for Fee Waiver.

48.    Neither USRTK or USRTK's legal counsel ever received any communications from either the HHS or the NIH following the submission of the December 29, 2025, letter.

49.    On January 26, 2026, Mr. Brody sent an email to both Ms. Perkins and Ms. Lampe which referenced the December 29, 2025, letter, and stated that he had no record of receiving a response to that letter.  The January 26, 2026, email stated that unless Mr. Brody received a response on or before Monday, February 2, 2026, with the requested information, USRTK would have no choice but to seek all available remedies under law, including a request for the payment of attorneys' fees and costs.

50.    Neither USRTK or USRTK's legal counsel ever received any communications from the HHS and the NIH following the submission of the January 26, 2026, Brody email.

**FOIA Request Two**

51.    On July 16, 2025,  USRTK submitted a FOIA request to the HHS.  This FOIA request is referred to herein as Request Two.  USRTK submitted Request Two to the HHS by email to FOIARequest@hhs.gov. Request Two sought a waiver of all fees associated with processing the request.  Request Two also included a request for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(i) and 45 CFR 5.27 (A)(5)(B).  A true and accurate copy of Request Two is attached hereto as **Exhibit B** and is incorporated by reference as though set forth in full herein.

52.    Request Two sought copies of emails and attachments sent or received by HHS Secretary Alex Alaz between November 1, 2019, and May 1, 2020, that were exchanged with certain individuals and/or email addresses or domains, relating to identified keywords pertaining to the origins of the Covid-19 virus.  **Exhibit B, pp. 1-2.**

53.    Request Two stated that the request would provide U.S. Right to Know and the public with crucial insight into the activities of the HHS about the US Government's efforts to utilize information from foreign partners in understanding the origins of the COVID-19 pandemic. **Exhibit B, pg. 4.**

54.     On July 17, 2025, USRTK received an Automatic Reply from OS FOIA Request (HHS/ASPA) from the email address FOIARequest@hhs.gov acknowledging receipt of Request Two and recommending that USRTK submit Request Two via the HHS Public Access Link (PAL).

55.     On July 17, 2025, USRTK submitted Request Two via the HHS Public Access Link (PAL).

56.     On July 17, 2025, the HHS sent an email to Lewis Kamb, Investigative Reporter at USRTK, acknowledging receipt of Request Two and assigning it Request #2025-03348-FOIA-OS. The email was sent from the HHS' FOIA email address FOIARequest@HHS.gov.

57.     On July 17, 2025, the HHS sent an additional email to Mr. Kamb advising that the status of Request #2025-03348-FOIA-OS had been updated to the status of "Received."  The email was sent from the HHS' FOIA email address FOIARequest@HHS.gov.

58.     On October 1, 2025, Mr. Kamb sent an email to the HHS at FOIARequest@hhs.gov asking for an update on the status of FOIA #2025-03348-FOIA-OS.

59.     The HHS did not respond to the October 1, 2025, request from Mr. Kamb for an update on the status of Request Two.

60.     On October 11, 2025, USRTK sent a letter to Arianne Perkins at the Department of Health and Human Services Office of the Secretary, Freedom of Information Act Office.  The October 11, 2025, letter was sent via email to the HHS' FOIA email address FOIARequest@hhs.gov.

61.     The October 11, 2025, USRTK letter, stated that it was a determination request under the FOIA regarding Request Two.  The October 11, 2025, USRTK letter demanded that, within 10 business days, the HHS provide an official determination on this request or, at the very least, a certain date by which USRTK should expect a determination. USRTK also asked that the HHS address its request for expedited processing and a fee waiver in a timely manner. Finally, USRTK asked that the HHS also provide an estimated completion date that complies with the FOIA's requirement to "promptly" make records available upon request.

62.     On October 11, 2025, USRTK received an Automatic Reply from the HHS at FOIARequest@hhs.gov acknowledging receipt of USRTK's Request for Determination, as set forth

in USRTK's October 11, 2025, letter to the HHS.

63.    USRTK did not receive a response to its determination request other than the Automatic Reply from the HHS.

64.    On December 30, 2025, Richard Brody, legal counsel for USRTK, wrote to Karen Lampe, Acting FOIA Officer of the National Institutes of Health, and to Arianne Perkins, at the Department of Health and Human Services.  Mr. Brody's letter was submitted by email to both nihfoia@od.nih.gov and FOIARequest@HHS.gov.

65.    The December 30, 2025, letter advised Defendant HHS of Greenfire Law PC's representation of USRTK concerning Request Two.  The letter attached a copy of USRTK's Request Two.  The letter asked that the HHS and/or the NIH take the following actions on or before Friday, January 9, 2026:

1. Make the formal determination required by both the FOIA and the Request for Determination submitted by U.S. Right to Know on October 11, 2025,

2. Approve U.S. Right to Know's Request for Expedited Processing,

3. Approve U.S. Right to Know's Request for Fee Waiver, and

4. Provide a date certain for the production of the documents subject to this FOIA Request.

66.    Neither the HHS nor the NIH responded to the December 30, 2025, letter from counsel for USRTK to both the HHS and the NIH concerning Request Two.

67.    On January 27, 2026, Mr. Brody sent an email to both Ms. Lampe and Ms. Perkins at their official email addresses at nihfoia@od.nih.gov and FOIARequest@HHS.gov.  .

68.    The January 27, 2026, email to Ms. Lampe and Ms. Perkins attached a copy of the December 30, 2025, letter to both individuals from Mr. Brody.  The email stated that no response had been provided to the December 30, 2025, email.  The January 27, 2026, email stated that unless Mr. Brody received a response on or before February 2, 2026, with the information requested in the December 30, 2025, letter, USRTK would have no choice but to begin litigation proceedings against the appropriate agency for failure to comply with the FOIA.  The January 27, 2026, email stated that if litigation was necessary, USRTK would seek all available remedies under law, including a request for payment of attorneys' fees and costs.

69.    Neither the HHS nor the NIH responded to the January 27, 2026, email from counsel for USRTK to both the HHS and the NIH concerning Request Two.

**CAUSES OF ACTION**

**COUNT I**
**Violations of the Freedom of Information Act:**
**Failure to Provide Timely Final Determination**

70.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

71.    USRTK has a statutory right to have Defendant process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated by Defendant's failure to provide a timely and legally adequate final determination for Request One and Request Two.

72.    To date, approximately seventeen months after USRTK submitted Request One and approximately seven months after USRTK submitted Request Two, USRTK has not received any written communication from Defendant HHS about whether the Agency will comply with the FOIA Requests, the Defendant's reasons for making that decision, and any right of USRTK to administratively appeal that decision. 5 U.S.C. § 552(a)(6)(A)(i); 45 C.F.R. Part 5.

73.    Based on the nature of USRTK's organizational activities, USRTK will continue to employ the FOIA's provisions to request information from Defendant in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's response deadlines.

74.    Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate USRTK's rights to receive public records under the FOIA.

75.    Defendant's failure to make a final determination on the FOIA Request One and FOIA Request Two within the statutory timeframe has prejudiced USRTK's ability to timely obtain public records.

**COUNT II**
**Violation of the Freedom of Information Act:**
**Unlawful Withholding of Non-Exempt Public Records**

76.    The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

77.    USRTK has a statutory right to have Defendant HHS process its FOIA requests in a manner that complies with the FOIA. USRTK's rights in this regard were violated when Defendant failed to promptly provide public, non-exempt records to USRTK in response to the two FOIA Requests, 5 U.S.C. §§ 552(a)(3)(A) & (b), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

78.    Defendant is unlawfully withholding public disclosure of information sought by USRTK, information to which it is entitled and for which no valid disclosure exemption applies.

79.    USRTK has constructively exhausted its administrative remedies with respect to Request One and Request Two.

80.    USRTK is entitled to injunctive relief to compel production of all non-exempt, responsive records.

81.    Based on the nature of USRTK's organizational activities, USRTK will undoubtedly continue to employ FOIA's provisions to request information from Defendant in the foreseeable future.

82.    USRTK's organizational activities will be adversely affected if Defendant is allowed to continue violating FOIA's response deadlines as it has in this case.

83.    Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant will continue to violate the rights of USRTK to receive public records under the FOIA.

## COUNT III

### Violation of the Freedom of Information Act:
### Failure to Provide Estimated Date of Completion

84.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

85.     USRTK has a statutory right to have Defendant process FOIA Request One and FOIA Request Two in a manner that complies with the FOIA. USRTK's rights in this regard were violated by Defendant's unlawful failure to provide an estimated date of completion for Request One and Request Two, as required by the FOIA, 5 U.S.C. § 552(a)(7)(B)(ii).

86.     USRTK formally requested that the HHS provide an estimated date of completion for both Request One and Request Two.  No such date was provided by the HHS.

87.     Based on the nature of USRTK's organizational activities, USRTK will continue to employ FOIA's provisions to request information from Defendant HHS in the foreseeable future. These activities will be adversely affected if Defendant is allowed to continue violating the FOIA's requirements for providing USRTK with an estimated date of completion on FOIA Request One and FOIA Request Two.

88.     Unless enjoined and made subject to a declaration of USRTK's legal rights by this Court, Defendant HHS will continue to violate the rights of USRTK to receive public records under the FOIA.

## REQUEST FOR RELIEF

THEREFORE, USRTK prays that this Court:

1.     Order Defendant HHS to promptly provide USRTK all the information sought in this action and to immediately disclose the requested records for Request One and Request Two in unredacted format unless an exemption is properly claimed and properly applies.

2.     Declare Defendant HHS failure to provide USRTK with a final determination for Request One and Request Two as unlawful under the FOIA.

3.     Declare Defendant HHS failure to promptly provide USRTK with all non-exempt records responsive to Request One and Request Two as unlawful under the FOIA.

4.     Declare Defendant HHS's failure to provide USRTK with an estimated date of completion for Request One and Request Two, as required by 5 U.S.C. § 552(a)(7)(B)(ii), unlawful under the FOIA.

5.     Award USRTK its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412.

Grant such other and further relief to USRTK as the Court may deem just and proper.

Dated: March 06, 2026                                     Respectfully Submitted,

                                        By:    */s/ Lily A. Rivo*
                                               Jessica L. Blome
                                               Lily A. Rivo
                                               Richard A. Brody
                                               GREENFIRE LAW, PC
                                               2748 Adeline Street, Suite A
                                               Berkeley, CA 94703
                                               Telephone: (510) 900-9502
                                               Email: jblome@greenfirelaw.com
                                                      lrivo@greenfirelaw.com
                                                      rbrody@greenfirelaw.com

                                               *Attorneys for Plaintiff U.S. Right to Know*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF