CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612-5217
    Telephone: (510) 637-3721
    Facsimile:  (510) 637-3724
    michael.keough@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW, | Case No. 3:26-cv-01971-ASK |
|     Plaintiff, | **ANSWER** |
|     v. | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES., | |
|     Defendants. | |

ANSWER
3:26-CV-01971-ASK            1

Defendant U.S. Department of Health and Human Services, by and through undersigned counsel, hereby answers the Complaint filed by Plaintiff U.S. Right To Know in this Freedom of Information Act ("FOIA") action.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

**INTRODUCTION**

1.      This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant to the FOIA, but otherwise denies the statements in this paragraph.

2.      Denied.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4.      This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant to the FOIA, but otherwise denies the statements in this paragraph.

**JURISDICTION AND VENUE[1]**

5.      This paragraph constitutes a conclusion of law regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms, conditions, and limitations of FOIA.

---

[1]      For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual

ANSWER

6.      This paragraph constitutes a conclusion of law regarding venue, to which no response is required.  To the extent that a response is deemed required, Defendant admits only that venue is proper in this judicial district.

## INTRADISTRICT ASSIGNMENT

7.      Denied.

8.      This paragraph constitutes a conclusion of law, to which no response is required.  To the extent that a response is deemed required.  To the extent that a response is deemed required, Plaintiff denies.

9.      Denied.

10.      Denied.

## PARTIES

11.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13.      Admitted.

14.      Defendant admits that it is an agency for purposes of the FOIA.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## LEGAL FRAMEWORK

15.      This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

16.      This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

17.      This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

allegations, those allegations are denied.

ANSWER
3:26-CV-01971-ASK                                    3

18.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

19.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

20.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

21.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

22.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

23.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

24.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

25.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

26.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

27.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

28.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

29.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

30.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

31.     This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

32.    This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

33.    This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

34.    This paragraph contains a conclusion of law, to which no response is required.  To the extent a response is deemed required, Defendant denies.

## STATEMENT OF OPERATIVE FACTS

### FOIA Request One

35.    Defendant admits that Plaintiff filed a FOIA request, and respectfully refers the Court to that request as the best evidence of its contents.

36.    Defendant admits that Plaintiff filed a FOIA request, and respectfully refers the Court to that request as the best evidence of its contents.

37.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42.    Defendant admits that Plaintiff sent a letter to the HHS FOIA Office, and respectfully refers the Court to that letter as the best evidence of its contents.

43.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44.    Defendant admits that Plaintiff sent a letter to the HHS FOIA Office, and respectfully refers the Court to that letter as the best evidence of its contents.

45.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

46.    Defendant admits that Plaintiff sent a letter to the HHS FOIA Office, and respectfully refers the Court to that letter as the best evidence of its contents.

47.    Defendant admits that Plaintiff sent a letter to the HHS FOIA Office, and respectfully refers the Court to that letter as the best evidence of its contents.

48.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

49.    Defendant admits that Plaintiff sent a letter to the HHS FOIA Office, and respectfully refers the Court to that letter as the best evidence of its contents.

50.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**FOIA Request Two**

51.    Defendant admits that Plaintiff filed a FOIA request, and respectfully refers the Court to that request as the best evidence of its contents.

52.    Defendant admits that Plaintiff filed a FOIA request, and respectfully refers the Court to that request as the best evidence of its contents.

53.    Defendant admits that Plaintiff filed a FOIA request, and respectfully refers the Court to that request as the best evidence of its contents.

54.    Defendant admits that it acknowledged Plaintiff's FOIA request, and respectfully refers the Court to that request as the best evidence of its contents.

55.    Defendant admits that Plaintiff filed a FOIA request, and respectfully refers the Court to that request as the best evidence of its contents.

56.    Defendant admits that it issued Plaintiff a letter acknowledging its FOIA request, and respectfully refers the Court to that letter as the best evidence of its contents.

57.    Defendant admits that it sent an additional email to Plaintiff, and respectfully refers the Court to that email as the best evidence of its contents.

58.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

ANSWER
3:26-CV-01971-ASK                                              6

allegations in this paragraph.

59.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61.    Defendant admits that Plaintiff sent a letter, and respectfully refers the Court to that letter as the best evidence of its contents.

62.    Defendant admits that sent Plaintiff an acknowledgement letter, and respectfully refers the Court to that letter as the best evidence of its contents.

63.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64.    Defendant admits that Plaintiff sent a letter to the HHS FOIA Office, and respectfully refers the Court to that letter as the best evidence of its contents.

65.    Defendant admits that Plaintiff sent a letter to the HHS FOIA Office, and respectfully refers the Court to that letter as the best evidence of its contents.

66.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67.    Defendant admits that Plaintiff sent an email to the HHS FOIA Office, and respectfully refers the Court to that email as the best evidence of its contents.

68.    Defendant admits that Plaintiff sent an email to the HHS FOIA Office, and respectfully refers the Court to that email as the best evidence of its contents.

69.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

ANSWER
3:26-CV-01971-ASK                                    7

## CAUSES OF ACTION

### COUNT ONE

**Violations of the Freedom of Information Act:**
**Failure to Provide Timely Information**

70.     Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

71.     The first allegation in this paragraph constitutes a conclusion of law, which requires no response. To the extent a response is deemed required, Defendant denies. Defendant denies the remaining allegations in this paragraph.

72.     This paragraph does not contain allegations of fact but rather Plaintiff's characterization of the present action, to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant to the FOIA, but otherwise denies the statements in this paragraph.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations int this paragraph.

74.     Denied.

75.     The allegation in this paragraph constitutes conclusions of law, which requires no response. To the extent a response is deemed required, Defendant denies.

### COUNT TWO

**Violation of the Freedom of information Act:**

**Unlawful Withholding of Non-Exempt Pubic Records**

76.     Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

77.     The first allegation in this paragraph constitutes a conclusion of law, which requires no response. To the extent a response is deemed required, Defendant denies. Defendant denies the remaining allegations in this paragraph.

78.     Denied.

79. The allegation in this paragraph constitutes conclusions of law, which requires no response. To the extent a response is deemed required, Defendant denies.

80. Denied.

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph.

82. Denied.

83. Denied.

## COUNT THREE

### Violation of the Freedom of Information Act:

### Failure to Provide an Estimated Date of Completion

84. Defendant incorporates by reference its responses to the preceding paragraphs of the Complaint, as if set forth fully herein.

85. The first allegation in this paragraph constitutes a conclusion of law, which requires no response. To the extent a response is deemed required, Defendant denies. Defendant denies the remaining allegations in this paragraph.

86. Admitted.

87. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the first allegations in this paragraph. Defendant denies the remaining allegations in this paragraph.

88. Denied.

### REQUEST FOR RELIEF

The remaining paragraphs of the Complaint constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

### DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation:

## FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions to the FOIA.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## FOURTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

DATED: April 20, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Michael A. Keough*
MICHAEL A. KEOUGH
Assistant United States Attorney

Attorneys for Defendant

ANSWER
3:26-CV-01971-ASK                                        10